The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff-employee on at all relevant times.
3. The defendant was insured at the time of the alleged accident by The St. Paul Fire and Marine Insurance Company.
4. That the employee's average weekly wage at the time of the alleged injuries was $253.50.
* * * * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of hearing, plaintiff was forty-five years old.
2. Plaintiff began working for defendant in January 1992, as a laborer. Plaintiff was responsible for doing such task as moving materials, moving dirt, washing cement with a power washer and helping the craftsmen.
3. Plaintiff's back began to hurt four or five months after coming to work for defendant and he thought that it was due to the hard work that he was performing from day to day.
4. Plaintiff's back continued to hurt and after approximately seven months on the job, he began to have pain going down his left leg.
5. Plaintiff does not recall any specific incident or accident that he can relate his back pain to but that it started after four or five months on the job.
6. Plaintiff first sought medical treatment for his condition in January 3, 1993, approximately five or six months after the onset of his pain. Plaintiff did not tell any supervisor that he had hurt his back on the job until January 1993.
* * * * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not suffer an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant.
2. Plaintiff is not entitled to recover any workers' compensation benefits in this matter.
* * * * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for benefits under the Workers' Compensation Act must under the law be and the same is hereby DENIED.
2. Each side shall pay its own costs.
FOR THE FULL COMMISSION
 S/ _________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 8/30/96